IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH JOHNSON, JR., TDCJ-CID #01758171, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § | Civil Action No. H-18-3016 |
| DANNY EASTERLING, *et al.*, | § § § | |
| *Defendants.* | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se*, filed this section 1983 lawsuit alleging violations of his constitutional rights in connection with his 2011 state conviction. The threshold question is whether plaintiff's claims should be allowed to proceed under 28 U.S.C. § 1915A. Finding that plaintiff should not be allowed to proceed on his allegations, the Court **DISMISSES** this lawsuit for the reasons explained below.

### I. BACKGROUND AND CLAIMS

Public state court records show that plaintiff pleaded guilty to aggravated robbery with a deadly weapon in Harris County, Texas, and was sentenced to twenty years imprisonment on November 29, 2011. Plaintiff claims now, in 2018, that his signatures and fingerprints on the plea documents are not his, and that his defense counsel, Danny Easterling, or the prosecutor, Lacy Johnson, forged his signature and fingerprints and altered the court

documents to procure his conviction. Plaintiff asserts that the documents are false because they are dated November 29, 2011, but his last day in court was November 17, 2011.[1]

As judicial relief, plaintiff asks that the Court bring criminal charges against Easterling for falsifying government documents, and that he be released from prison.

## II. ANALYSIS

Under 28 U.S.C. §§ 1915(e) and 1915A, the Court may scrutinize the basis of a *pro se* prisoner's complaint and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from such relief. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Plaintiff cannot maintain an action against his criminal defense attorney under section 1983. To raise a viable claim under section 1983, a plaintiff must demonstrate that a constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 936 (1982). This means that "the

---

[1] Plaintiff filed an unsuccessful application for state habeas relief in 2013, claiming that Easterling failed to advise him of his right to appeal. Not until his third application, filed in 2018, did plaintiff claim that the signatures and fingerprints on the guilty plea documents were not his. The application was dismissed as an abuse of the writ.

party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." *Id.*

It is well established that criminal defense attorneys, even court-appointed public defenders, are not state actors for purposes of section 1983. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Because a civil rights complaint made against a criminal defense attorney contains no state action, such a complaint fails to state a claim upon which relief can be granted as a matter of law. *Hudson*, 98 F.3d at 873; *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). Therefore, plaintiff's claims against Easterling must be dismissed.

Nor may plaintiff pursue his section 1983 claims against state prosecutor Lacy Johnson. Prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating and pursuing a criminal prosecution. *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Court must dismiss plaintiff's claims against the state prosecutor as barred by prosecutorial immunity.

The Court notes that, as judicial relief in this lawsuit, plaintiff seeks release from imprisonment. His requested relief sounds in habeas. However, the Court declines to construe this lawsuit as one brought pursuant to section 2254, as plaintiff's section 2254

habeas lawsuit challenging his 2011 conviction remains pending before this Court in *Johnson v. Davis*, C.A. No. H-18-3018 (S.D. Tex.).

Plaintiff's claims against the defendants in this lawsuit fail to raise a viable section 1983 claim or are barred by prosecutorial immunity, and the lawsuit must be dismissed with prejudice.

## III. CONCLUSION

This lawsuit is **DISMISSED WITH PREJUDICE** for failure to state a viable claim for which relief can be granted under section 1983 or as barred by prosecutorial immunity. Any and all pending motions are **DISMISSED AS MOOT**. This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk is to provide a copy of this order to plaintiff, to TDCJ–Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, and to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas on the ___ day of September, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

4